## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:99CV-P745-R

**BRIAN KEITH MOORE**                                                    **PETITIONER**

**v.**

**THOMAS SIMPSON**                                                       **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on Brian Keith Moore's motion for relief from judgment filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (DN 91). Because he notes that the originally named respondent, Philip Parker, has retired and that he is presently in the custody of Warden Thomas Simpson, the court will also construe the motion as one seeking to amend the caption to identify the proper respondent in accordance with 28 U.S.C. § 2242 ("[The application] shall allege . . . the name of the person who has custody over" the petitioner) and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("[T]he petition must name as respondent the state officer who has custody" of the petitioner). The motion to amend the caption is **GRANTED** and the **clerk is directed** to amend the electronic case file and the paper docket file to reflect that **Thomas Simpson** is the proper respondent.

The respondent has timely responded to Moore's Rule 60(b) motion (DN 95), and Moore has replied (DN 96). Because Moore's Rule 60(b) motion for relief from judgment is an unauthorized second or successive petition barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the court will transfer the motion to the United States Court of Appeals for the Sixth Circuit.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Moore is a Kentucky inmate confined on death row following his conviction and sentence for the 1979 kidnaping, first-degree robbery, and murder of Virgil Harris.  The Supreme Court of Kentucky affirmed the conviction and sentence, and the United States Supreme Court denied certiorari review.  *Moore v. Commonwealth*, 771 S.W.2d 34 (Ky. 1988), *cert. denied*, 494 U.S. 1060 (1990).  Thereafter, Moore sought postconviction relief by way of motions filed pursuant to Ky. R. Cr. P. 11.42 and Ky. R. Civ. P. 60.02.  The trial court denied both motions, the Supreme Court of Kentucky affirmed, and the United States Supreme Court denied certiorari review.  *Moore v. Commonwealth*, 983 S.W.2d 479 (Ky. 1998), *cert. denied*, 528 U.S. 842 (1999).

In 1999, Moore sought federal habeas corpus relief from this court.  The magistrate judge recommended that his petition be denied.  After reviewing Moore's objections to that report and recommendation, this court denied his habeas corpus petition and dismissed the action.  Thereafter, Moore filed an appeal with the Sixth Circuit.

On October 4, 2005, the appellate court affirmed this court's decision.  *Moore v. Parker*, 425 F.3d 250 (6th Cir. 2005).  Shortly thereafter, Moore filed a motion with the Sixth Circuit seeking a limited remand so that this court could reconsider his habeas claims in light of *Rompilla v. Beard*, — U.S. —, 125 S.Ct. 2456 (2005); he also sought *en banc* review.  Motions of Appellant, *Moore v. Parker*, No. 03-6105 (6th Cir. Oct. 18, 2005).  Moore next asked the Sixth Circuit to postpone ruling on both motions until such time that this court could consider his Rule 60(b) motion.  Motion of Appellant, *Moore v. Parker*, No. 03-6105 (6th Cir. Nov. 2, 2005).

## II.  THE ARGUMENTS

Moore seeks relief from this court's decision denying habeas corpus relief because he charges this court with using the wrong standard of review when adjudicating his federal habeas claims.  He specifically states that "this Court incorrectly applied 2254(d)'s limitation on relief to Moore's entire habeas petition."  (DN 91, p. 2).   He notes that this court was merely following the applicable Sixth Circuit law when it rendered its decision but claims that the "Sixth Circuit was wrong" in light of the Supreme Court's decision in *Rompilla* and a subsequent Sixth Circuit case which he claims recognized the erroneous standard of review previously followed by it and lower district courts.  *See Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005).  He claims that

> [t]his Court should reopen Moore's federal habeas petition to apply 2254(d) only to the claims that were addressed on the merits in their entirety by the state court, and to grant de novo review to any other claims, particular to the claim that troubled this Court . . . .

(DN 91, p. 4).

The respondent essentially argues that this motion is nothing more than an improper second or successive petition which must be approved by the appellate court before Moore can bring his claims here.  Moore disputes that contention, claiming that he is merely asking this court "to correct a defect in the integrity of its decision" which became apparent to him only after the Supreme Court rendered the *Rompilla* opinion followed by the Sixth Circuit's decision in *Maldonado* (DN 96, p. 1).

## III.  ANALYSIS

Generally, a district court loses jurisdiction over an action once a party files a notice of appeal as that action transfers jurisdiction to the appellate court.  *Lewis v. Alexander*, 987 F.2d

3

392, 394 (6th Cir. 1993) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981), *cert.*

*denied*, 454 U.S. 1152 (1982)).  Thus, this court lacks jurisdiction to rule on the motion, and

Moore concedes as much himself.  Yet, as he also properly notes, this court may provisionally

grant such a motion pursuant to procedures outlined in *First Nat'l Bank of Salem, Ohio v.*

*Hirsch*, 535 F.2d 343 (6th Cir. 1976).[1]  This assumes, however, that this court is not otherwise

foreclosed from considering the motion.  As a threshold matter, this court must determine

whether Moore's Rule 60(b) motion is in essence a second or successive petition barred by 28

U.S.C. § 2244(b)(3)(A).

In *Gonzales v. Crosby*, — U.S.—, 125 S.Ct. 2641 (2005), the Supreme Court addressed

when a habeas petitioner's motion filed pursuant to Rule 60(b) is the practical equivalent of a

second or successive petition governed by 28 U.S.C. § 2244.  On the one hand, the Supreme

Court found that a Rule 60(b) motion should not be converted into a second or successive habeas

motion when it "attacks, not the substance of the federal court's resolution of a claim on the

merits, but some defect in the integrity of the federal habeas proceedings."  *Id*. at 2648.  On the

---

[1]The Sixth Circuit set forth the following procedure to be followed when a litigant seeks
Rule 60(b) relief from a district court while the matter is also on appeal:

> [W]hen an appellant in a civil case wishes to make a motion for a new trial on the
> ground of newly discovered evidence while his appeal is still pending, the proper
> procedure is for him to file his motion in the District Court.  If that court indicates
> that it will grant the motion, the appellant should then make a motion in this court
> for a remand of the case in order that the District Court may grant the motion for
> new trial.  In accordance with this procedure, we think that the party seeking to
> file a Rule 60(b) motion . . . should have filed that motion in the district court.  If
> the district judge is disposed to grant the motion, he may enter an order so
> indicating and the party may then file a motion to remand in this court.

*Hirsch*, 535 F.2d at 346 (internal citation omitted).

other hand, however, it noted that if the Rule 60(b) motion seeks to advance one or more substantive claims after denial of a habeas petition, then it is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. *Id*. at 2647-48.

The Supreme Court defined a "claim" as "an asserted federal basis for relief from a state court's judgment of conviction" which should "be relatively simple" to determine. *Id.* at 2647-48. For example, a motion that contends a substantive change in the law should justify relief under Rule 60(b) is "in substance a successive habeas petition and should be treated accordingly." *Id.* at 2647 (citing *Rodwell v. Pepe*, 324 F.3d 66, 71-72 (1st Cir. 2003) and *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002)). The Court specifically noted that:

> . . . a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

*Id.* at 2647-48 (quoting § 2244(b)(2)(A)). Moreover, "a motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 2648. A movant may, however, permissibly challenge the decision to deny habeas relief "for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

Moore correctly notes that a motion that attacks the integrity of the federal habeas proceedings in contradistinction to an attack on the court's resolution of a particular claim on the

5

merits is permissible.  However, the type of "defect" contemplated is "fraud on the federal habeas corpus court" which does not include an attack based on the movant's own conduct or the omissions of his counsel for such is "in effect ask[ing] for a second chance to have the merits determined favorably." *Id.* at n.5.

Though Moore claims that he merely seeks to reopen claims "denied on procedural grounds" (DN 91, p. 1), and that he merely challenges the integrity of the process by which this court rendered its decision, his argument is nothing more than an attempt to make an end-run around AEDPA's prohibition against unauthorized second/successive petitions.  He argues this court erroneously applied AEDPA's deferential standard of review to all of his claims, even to those claims which were not adjudicated on their merits by the state court.  He maintains that the court should have undertaken a *de novo* review of those latter claims, a standard of review that he claims was not made clear until the Supreme Court's 2005 decision in *Rompilla*.

To the extent Moore claims that the court used an improper standard of review, he should have raised that issue in his direct appeal to the Sixth Circuit.  When this court discussed the applicable standard of review, it made the following remarks:

> The Sixth Circuit's holding in this regard is in conflict with all other circuits to have considered the issue . . . [and] also appears to be inconsistent with the approach recently take by the Supreme Court in *Wiggins v. Smith,* although not directly overruled by it.  *See Wiggins*, — U.S. —, 123 S.Ct. 2527, 2542-44 (2003) (analyzing *Strickland* prejudice prong, which the state court had not addressed, without employing § 2254(d)'s deferential standard).

DN 80, Mem., pp. 20-21, n.11 (internal citations omitted).  In preparing Moore's appeal, appellate counsel missed this waving red flag.  That oversight constitutes an omission of counsel (which may not be raised by way of a Rule 60(b) motion) and not a defect in the integrity of this court's proceedings (which may be a basis for Rule 60(b) relief).  And to the extent that Moore

6

believes that a "substantive change in the law" warrants Rule 60(b) relief, that argument as a basis for Rule 60(b) relief was clearly foreclosed by the *Gonzales*.[2]

It is clear that Moore wants this court to undertake a review of claims that it previously reviewed on their merits, an intention that is reflected by the following statement in his motion: "This Court's erroneous application of 2254(d) to claims that should have been reviewed de novo infected the adjudication of Moore's entire habeas petition." *Id.* at 4. His motion unquestionably seeks to raise substantive claims, as defined by the *Gonzales* Court, inasmuch as he wants the court to undertake a second merits based review of his petition, an action clearly prohibited by the AEDPA. *See Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (holding that the movant filed an unauthorized second petition because he "is 'seek[ing] vindication of' or 'advanc[ing]' a claim by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition" (quoting *Gonzales*, 125 S.Ct. at 2647-48)). Because Moore's motion is an unauthorized second or successive petition, the court must transfer it to the appellate court for further review.

---

[2]Moore points to the *Rompilla* and *Maldonado* decisions to support his claim of a recent change in the law. Neither case, however, reflects such a change. The *Rompilla* Court found its authority in its prior decision in *Wiggins* itself. In 2003, the Sixth Circuit recognized that *Wiggins* abrogated Sixth Circuit law which had up to that point applied the deferential AEDPA standard of review to claims decided by state courts on state grounds only or that were completely omitted from the state court's analysis. *See Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003). In *Maldonado*, the Sixth Circuit merely recognized what had previously been noted by the *Maples* Court. *Maldonado*, 416 F.3d at 476 ("This court held in *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003), that '[b]oth *Clifford* [ *v. Chandler*, 333 F.3d 724 (6th Cir. 2003)] and [*Doan v. Brigano*, 237 F.3d 722 (6th Cir. 2001) ] were abrogated by *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)."). In *Clifford*, the Sixth Circuit had applied AEDPA's deferential standard of review to claims rejected by the state courts on state grounds only. And in *Doan*, that court had applied the deferential AEDPA standard in reviewing a claim that the "state court failed to mention, let alone adjudicate." *Maples*, 340 F.3d at 436.

### IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Moore's motion for relief from judgment filed pursuant to Rule 60(b) relief be **TRANSFERRED** to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631.  *See Sims v. Terbush*, 111 F.3d 45, 46 (6th Cir. 1997).

**IT IS FURTHER ORDERED** that Moore's motion for oral argument is **REMANDED** from the court's active docket.

Date:

cc:     counsel of record
        Clerk, Sixth Circuit
        4413.002